[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11214
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00098-MMH-JBT-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY MANDELL GORDON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 21, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Troy Gordon appeals the district court's imposition of a 12-month and 1-day

sentence, imposed after the revocation of his supervised release, pursuant to 18

U.S.C. § 3583(e)(3).   On appeal, he challenges the substantive reasonableness of his sentence.  After thorough review, we affirm.

We review a sentence imposed upon the revocation of supervised release for reasonableness, United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion," United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  In reviewing the substantive reasonableness of a sentence for abuse of discretion, we consider the "'totality of the circumstances.'"  Id. at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

When revoking a defendant's term of supervised release, Title 18 U.S.C. § 3583(e) instructs a sentencing court to consider certain 18 U.S.C. § 3553(a) factors in determining an appropriate sentence. See 18 U.S.C. § 3583(e)(3).  In part, sentencing courts must consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need to adequately deter criminal conduct, (3) the need "to protect the public from further crimes of the defendant," (4) the applicable sentencing range, and (5) any pertinent policy statements of the Sentencing Commission.  See 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(C), (a)(4)-(5).  The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2). See 18 U.S.C. § 3553(a).  The party challenging the sentence bears the burden of

showing that the sentence is unreasonable in light of the record and the applicable § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). We will reverse only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

The sentencing court need not weigh each factor equally, but instead may give great weight to one factor over the others. United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015). The decision about how much weight to assign a particular factor is committed to the discretion of the district court. Id. However, a district court should not focus on one factor "single-mindedly" to the detriment of other factors, and a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006). A district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. Irey, 612 F.3d at 1189. We ordinarily expect a sentence within the advisory guideline range to be reasonable. United States v. Sarras, 575 F.3d 1191, 1220 (11th Cir. 2009).

Here, Gordon has not met his burden of showing that his sentence, imposed upon the revocation of his supervised release, was substantively unreasonable. See Tome, 611 F.3d at 1378. For starters, because Gordon's 12-month and 1-day sentence was within the undisputed 7-to-13-month guideline range, it is expected to be reasonable. See Sarras, 575 F.3d at 1220. In addition, there is no indication that the district court relied on one factor "single-mindedly" to the detriment of other factors in crafting Gordon's sentence. See Crisp, 454 F.3d at 1292. While Gordon argues on appeal that his drug addiction should have mitigated his sentence, it was within the district court's discretion to place more weight on Gordon's history and characteristics -- specifically, the fact that he did not appear for almost a year. See Rosales-Bruno, 789 F.3d at 1254.

Moreover, Gordon's argument in the district court focused on potential disparities between his sentence and that of his codefendant, Larry Martin. But, as the record reveals, the district court correctly distinguished between the nature of Gordon's violation and Martin's violation -- among other things, there was no evidence that Martin, like Gordon, had failed to appear for almost a year after a petition for a summons was issued for violating supervised release. See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) ("A well-founded claim of disparity, however, assumes that apples are being compared to apples.") (quotation omitted). As a result, Gordon's sentence was well within the range of

4

reasonable sentences and was within the district court's discretion.  See Irey, 612 F.3d at 1190.  Accordingly, we affirm.

**AFFIRMED**.